**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WINDY CITY MOVING, INC., d/b/a as NEW CITY MOVING, an Illinois domestic business corporation, | ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: |
| | ) | |
| MINI MOVERS LLC d/b/a NEW CITY MOVERS, a foreign limited liability company, | ) ) ) | Judge: |
| | ) | |
| Defendant. | ) | |

**<u>COMPLAINT</u>**

Plaintiff, WINDY CITY MOVING, INC., d/b/a as NEW CITY MOVING, an Illinois domestic business corporation, ("Plaintiff or "New City Moving"), by its attorneys, COLE SADKIN, LLC, for its Complaint against Defendant, MINI MOVERS LLC d/b/a NEW CITY MOVERS, a foreign limited liability company, ("Defendant" or "New City Movers"), states as follows:

**<u>NATURE OF THE CASE</u>**

1.      This is an action for damages and injunctive relief arising out of New City Movers' unauthorized and improper use of common law trademark associated with New City Moving and the registered domain name newcitymovers.com. New City Moving brings these claims the claims enumerated more fully herein for trademark infringement, false designation of origin, dilution, deceptive business practices and unfair competition against New City Movers.

1

2.      New City Moving brings this lawsuit to recover compensatory damages resulting from this trademark infringement, in addition to statutory damages.  New City Moving also requires injunctive relief, in the form of an immediate halt of New City Movers' infringement, along with an accounting of New City Movers' actions to determine further appropriate relief, if necessary.

**PARTIES**

3.      New City Moving (the "Trademark Owner") is an Illinois domestic business corporation with its principal place of business located at 2929 North Campbell Avenue, Chicago, Illinois 60618.

4.      New City Movers (the "Infringing Party") is a foreign limited liability company, advertising and transacting business in the State of Illinois with its principal places of business located at 340 Upper Oakwood Avenue, Elmira Heights, NY 14903 and 4544 Cornell Blue Ash Avenue, OH 45241.

**JURISDICTION AND VENUE**

5.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1338 because New City Moving's claims for violation of the United States Trademark Act, Title 15 of the United States Code, arise under federal law.

6.      This Court also has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs.

7.      Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over New City Moving's state law claims because those claims are so related to the

2

federal claims that they form part of the same case or controversy.

8.      New City Movers' is subject to the personal jurisdiction of this Court because it is advertising and doing business in the State of Illinois.

## ALLEGATIONS RELATING TO ALL COUNTS

9.      New City Moving is a company, which has operated successfully in the industry for over ten (10) years.

10.      It is the number one independent mover in the Midwest by way of revenue, Google and Yelp reviews, and quantity and quality of moves.

11.      New City Moving operates seventy-nine (79) trucks and employs over two hundred (200) employees for local, long distance, and storage services across the country.

12.      The owner of New City Moving ("Owner") takes an unorthodox approach with their company –which has contributed to its success.

13.      Contrary to many other owners and presidents of companies its size, the Owner remains directly involved with operations on a day-to-day basis.  This includes taking an active role in marketing, company growth initiatives, hiring and staffing, sales management, reputation management, and new product development on a consistent basis.

Trademark Ownership of "New City Moving"

14.      At all relevant times, common law trademark associated with  "New City" Moving and the registered domain name newcitymovers.com (collectively referred to as the "New City Moving Mark").

15.      As a result of the high quality of New City Moving's services, sales, promotion and advertising, the New City Moving Mark has become an intrinsic and essential

part of the valuable goodwill and property of New City Moving.

16.     The New City Moving Mark is well known and established to customers and the trade as symbols identifying and distinguishing New City Moving's services.

17.     From January 2020 through the date of this filing, New City Moving has spent countless hours (approximately twenty-five (25) per week) helping concerned and frustrated clients (collectively, the "Confused Public").  The confused public will call New City Moving and write negative reviews despite previously engaging only with New City Movers.

18.     Specifically, New City Moving has spoken to over thirty (30) consumers who have inadvertently confused New City Moving with New City Movers and who have written negative reviews on different social media channels implicating New City Moving with poor service and other concerning issues.

19.     Confused public has complained about prices doubling and tripling, delivery times taking in excess of thirty (30) days longer than estimated delivery, the use of child labor on moves, holding shipments hostage, and deposits being taken without movers ever showing up.

20.     In addition to time communicating with disgruntled consumers, New City Moving has expended a significant amount of time removing inaccurate reviews from New City Moving's social media.  These faulty reviews are seen by approximately 10,000 people per month based on the number of unique visitors to our website.

New City Moving Attempts to Disqualify New City Movers

21.     Ninety percent (90%) of New City Moving's clients prequalify with them

4

online and through numerous channels. The confusion New City Movers is creating in the marketplace is detrimentally affecting New City Moving's business and ability to provide services to new clients.

22.     New City Moving now finds itself explaining (numerous times per day) that they are not affiliated with the faulty reviews resulting from New City Mover's conduct.

23.     Of late, the time this has taken the New City Moving to address the issues caused by New City Mover's conduct has interfered with the time it needs to spend on business development initiatives resultant to the COVID-19 pandemic – which has proven to be detrimental to New City Moving's marketing endeavors, hiring and staffing during the busy summer season.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### Section 32 of the Lanham Act, 15 U.S.C. § 1114

24.     New City Moving realleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

25.     New City Movers' unauthorized use of a certain federally registered mark owned by New City Moving in interstate commerce in connection with the sale, offering for sale, distribution and advertising of its goods and services has caused, and is likely to cause, confusion, mistake and deception in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

26.     New City Movers' use of the New City Moving Mark in connection with the aforementioned infringing activities constitutes a misappropriation of New City Moving's

distinguishing and identifying federally registered trademark that was created as a result of significant effort and expense by New City Moving over a long period of time.

27.     New City Movers' use of the New City Moving Mark evokes an immediate, favorable impression or association and constitutes a false representation that New City Movers has some connection, association or affiliation with New City Moving, and is likely to mislead the trade and public into believing that New City Movers' services originate from, are affiliated with or are sponsored, authorized, approved or sanctioned by New City Moving.

28.     As a direct and proximate result of New City Movers' infringing activities and unauthorized use of the New City Moving Mark, New City Moving has suffered irreparable damage to its business, reputation and goodwill.

29.     New City Moving is without an adequate remedy at law to redress such acts and will be irreparably damaged unless New City Movers is enjoined from committing and continuing to commit such acts.

30.     New City Movers' use of the New City Moving Mark is willful, intentional, and egregious and makes this an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, New City Moving requests that relief be granted in its favor and against New City Movers for:

(a) all damages sustained by New City Movers, including New City Movers' profits, in an amount to be determined at trial, such damages to be trebled pursuant to 15 U.S.C. § 1117;

(b) attorneys' fees and costs of this action, plus interest;

(c) a permanent injunction requiring New City Movers' to refrain from any use of

the New City Moving Mark or any confusingly similar mark;

(d) immediate transfer of domain name: www.newcitymoves.com to New City Moving at no cost to New City Moving;

(e) both New City Movers and any owners of New City Movers to cease and desist from using the New City Moving Mark or any confusingly similar mark using the name New City Movers, New City Moving, New City Moves, New City Moving & Storage, and any other iteration or combination of the words "New" and "City" in connection with any other moving company now in existence or that they attempt to establish in the future;

(f) disconnection of all phone numbers associated with New City Movers and entry of an order transferring said phone numbers to New City Moving at no cost to New City Moving; and

(g) such other relief as the Court deems just and proper.

## COUNT II

### FALSE DESIGNATION OF ORIGIN
### Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

31.     New City Moving realleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

32.     New City Movers' unauthorized use in interstate commerce of the New City Moving Mark in connection with the sale, offering for sale, distribution and advertising of its services is likely to cause confusion, mistake or deception as to the affiliation, connection or association of New City Movers with New City Moving or as to the origin, sponsorship

or approval of New City Movers' services by New City Moving.

33.     New City Movers' false statements actually deceived or have the tendency to deceive the consuming public, who believe they are purchasing a service –namely the those of New City Moving.  New City Movers' false and misleading statements are material and likely to influence the purchasing decision of actual and prospective purchasers of New City Moving's services.

34.     As a direct and proximate result of New City Movers' actions, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §l 125(a), New City Moving has suffered irreparable damage to its business, reputation and goodwill.

35.     New City Moving is without an adequate remedy at law to redress such acts and will be irreparably damaged unless New City Movers' is enjoined from committing and continuing to commit such acts.

36.     New City Movers' conduct is willful, intentional, and egregious and makes this an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, New City Moving requests that relief be granted in its favor and against New City Movers for:

(a) all damages sustained by New City Movers, including New City Movers' profits, in an amount to be determined at trial, such damages to be trebled pursuant to 15 U.S.C. § 1117;

(b) attorneys' fees and costs of this action, plus interest;

(c) a permanent injunction requiring New City Movers' to refrain from any use of the New City Moving Mark or any confusingly similar mark;

(d) immediate transfer of domain name: www.newcitymoves.com to New City Moving at no cost to New City Moving;

(e) both New City Movers and any owners of New City Movers to cease and desist from using the New City Moving Mark or any confusingly similar mark using the name New City Movers, New City Moving, New City Moves, New City Moving & Storage, and any other iteration or combination of the words "New" and "City" in connection with any other moving company now in existence or that they attempt to establish in the future;

(f) disconnection of all phone numbers associated with New City Movers and entry of an order transferring said phone numbers to New City Moving at no cost to New City Moving; and

(g) such other relief as the Court deems just and proper.

## COUNT III

### FALSE ADVERTISING
### Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

37. New City Moving realleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

38. New City Movers' unauthorized use of the New City Moving Mark, in its advertising, is a false or misleading representation of fact that falsely represents or implies that New City Movers' services are authorized by, licensed by or otherwise affiliated with New City Moving.

39. New City Movers' unauthorized use of the New City Moving Mark: (a) is

likely to cause confusion, mistake or deception as to the affiliation, connection or association of New City Movers with New City Moving, or as to the origin, sponsorship or approval of New City Movers' goods with products and services offered by New City Moving in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(l)(A); or (b) misrepresent the nature, characteristics, or qualities of New City Movers' services or commercial activities in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(l)(B).

40.     New City Movers' advertising and promotion deceives or has the capacity to deceive consumers.  The deception and misrepresentations have had a material effect on the purchasing decisions and affect interstate commerce.

41.     As a direct and proximate result of New City Movers' actions, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), New City Moving has suffered irreparable damage to its business, reputation and goodwill.

42.     New City Moving is without an adequate remedy at law to redress such acts and will be irreparably damaged unless New City Movers is enjoined from committing and continuing to commit such acts.

43.     New City Movers' conduct is willful, intentional, and egregious and makes this an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, New City Moving requests that relief be granted in its favor and against New City Movers for:

(a) all damages sustained by New City Movers, including New City Movers' profits, in an amount to be determined at trial, such damages to be trebled pursuant to 15 U.S.C. § 1117;

(b) attorneys' fees and costs of this action, plus interest;

(c) a permanent injunction requiring New City Movers' to refrain from any use of the New City Moving Mark or any confusingly similar mark;

(d) immediate transfer of domain name: www.newcitymoves.com to New City Moving at no cost to New City Moving;

(e) both New City Movers and any owners of New City Movers to cease and desist from using the New City Moving Mark or any confusingly similar mark using the name New City Movers, New City Moving, New City Moves, New City Moving & Storage, and any other iteration or combination of the words "New" and "City" in connection with any other moving company now in existence or that they attempt to establish in the future;

(f) disconnection of all phone numbers associated with New City Movers and entry of an order transferring said phone numbers to New City Moving at no cost to New City Moving; and

(g) such other relief as the Court deems just and proper.

## COUNT IV

### DILUTION
### Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

44.    New City Moving realleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

45.    The New City Moving Mark is famous marks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

46.     New City Movers' unauthorized use of the New City Moving Mark in connection with the advertisement of its goods and services has caused or is likely to cause dilution by the blurring or tarnishment of the New City Moving's mark.

47.      New City Movers willfully intended to trade on the recognition of the famous New City Moving Mark.

48.     As a direct and proximate result of New City Movers' actions, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §l 125(c), New City Moving has suffered irreparable damage to its business, reputation and goodwill.

49.     New City Moving is without an adequate remedy at law to redress such acts and will be irreparably damaged unless New City Movers is enjoined from committing and continuing to commit such acts.

50.     New City Movers' conduct is willful, intentional, and egregious and makes this an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, New City Moving requests that relief be granted in its favor and against New City Movers for:

(a) all damages sustained by New City Movers, including New City Movers' profits, in an amount to be determined at trial, such damages to be trebled pursuant to 15 U.S.C. § 1117;

(b) attorneys' fees and costs of this action, plus interest;

(c) a permanent injunction requiring New City Movers' to refrain from any use of the New City Moving Mark or any confusingly similar mark;

(d) immediate transfer of domain name: www.newcitymoves.com to New City

Moving at no cost to New City Moving;

(e) both New City Movers and any owners of New City Movers to cease and desist from using the New City Moving Mark or any confusingly similar mark using the name New City Movers, New City Moving, New City Moves, New City Moving & Storage, and any other iteration or combination of the words "New" and "City" in connection with any other moving company now in existence or that they attempt to establish in the future;

(f) disconnection of all phone numbers associated with New City Movers and entry of an order transferring said phone numbers to New City Moving at no cost to New City Moving; and

(g) such other relief as the Court deems just and proper.

## COUNT V

### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTIC:ES
### 815 ILCS 510 *et seq.*

51.     New City Moving realleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

52.     New City Movers' misrepresents to the public that it is authorized to sell legitimate and authentic New City Moving services.

53.     New City Movers has used and is using the New City Moving Mark in connection with the sale, offering for sale, distribution and advertising of its services in such a manner as to misrepresent the source, sponsorship, approval, and certification of its services, which are substantially similar to those offered by New City Moving.

54.     The use of the New City Moving Mark by New City Movers creates an unreasonable risk that present and potential consumers may falsely conclude that there exists some affiliation, connection, or association between and among New City Moving and New City Movers, when none in fact exists.

55.     New City Movers' acts have damaged, impaired, and diluted that part of New City Moving's goodwill and good name symbolized by the New City Moving Mark, which have developed great fame in the marketplace. The nature, probable tendency, and effect of New City Movers' use of the New City Moving's mark is to deceive the public.

56.     New City Movers use of the New City Moving Mark in connection with the sale, offering for sale, distribution and advertising of its services constitutes unfair competition as prohibited by the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

57.     New City Movers had actual knowledge of New City Moving's rights at the time it decided to use the New City Moving Mark in connection with the sale, offering for sale, distribution and advertising of its services.  Thus, New City Movers willfully and deliberately infringed New City Moving's trademark rights.

58.     New City Movers unfair business practices are of a recurring nature and harmful to the consumers and the public at large, as well as to New City Moving.  These practices constitute unlawful, unfair, fraudulent, and deceptive business practices, and unfair, deceptive, untrue and misleading advertising.

59.     As a result of New City Movers' acts, New City Moving has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, New City Movers will continue these acts,

thereby causing New City Moving further immediate and irreparable damage.

WHEREFORE, New City Moving requests that relief be granted in its favor and against New City Movers for:

(a)     all damages sustained by New City Movers, including New City Movers' profits, in an amount to be determined at trial;

(b)     punitive damages;

(c)     attorneys' fees and costs of this action, plus interest;

(d)     a permanent injunction requiring New City Movers' to refrain from any use of the New City Moving Mark or any confusingly similar mark;

(e)     immediate transfer of domain name: www.newcitymoves.com to New City Moving at no cost to New City Moving;

(f)     both New City Movers and any owners of New City Movers to cease and desist from using the New City Moving Mark or any confusingly similar mark using the name New City Movers, New City Moving, New City Moves, New City Moving & Storage, and any other iteration or combination of the words "New" and "City" in connection with any other moving company now in existence or that they attempt to establish in the future;

(g)     disconnection of all phone numbers associated with New City Movers and entry of an order transferring said phone numbers to New City Moving at no cost to New City Moving; and

(h)     such other relief as the Court deems just and proper.

**COUNT VI**

**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES**
**815 ILCS 505 *et seq.***

60.     New City Moving realleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

61.     New City Movers misrepresents to the public that it is authorized to sell legitimate New City Moving's services.

62.     New City Movers has used and is using the New City Moving Mark in connection with the sale, offering for sale, distribution and advertising of its and services in commerce in such a manner as to misrepresent the source, sponsorship, approval, and certification of its products and services, which are substantially similar to those offered by New City Moving.

63.     New City Movers' had actual knowledge of New City Moving's rights at the time it decided to use the New City Moving Mark in connection with the sale, offering for sale, distribution and advertising of its services. Thus, New City Movers' willfully and deliberately infringed New City Moving's trademark rights.

64.     New City Movers intended for the consuming public to materially rely on and falsely conclude that there exists some affiliation, connection, or association between and among New City Moving and New City Movers, when none in fact exists.

65.     New City Movers' acts have damaged, impaired, and diluted that part of New City Moving's goodwill and good name symbolized by the New City Moving Mark, which have developed great fame in the marketplace.

66.     New City Movers' unfair business practices are of a recurring nature and

harmful to the consumers and the public at large, as well as to New City Moving. These practices constitute unlawful, unfair, fraudulent, and deceptive business practices, and unfair, deceptive, untrue and misleading advertising.

67.     As a result of New City Movers' acts, New City Moving has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, New City Movers will continue these acts, thereby causing New City Moving further immediate and irreparable damage.

WHEREFORE, New City Moving requests that relief be granted in its favor and against New City Movers for:

(a)     all damages sustained by New City Movers, including New City Movers' profits, in an amount to be determined at trial;

(b)     punitive damages;

(c)     attorneys' fees and costs of this action, plus interest;

(d)     a permanent injunction requiring New City Movers' to refrain from any use of the New City Moving Mark or any confusingly similar mark;

(e)     immediate transfer of domain name: www.newcitymoves.com to New City Moving at no cost to New City Moving;

(f)     both New City Movers and any owners of New City Movers to cease and desist from using the New City Moving Mark or any confusingly similar mark using the name New City Movers, New City Moving, New City Moves, New City Moving & Storage, and any other iteration or combination of the words "New" and "City" in connection with any other moving company now in

existence or that they attempt to establish in the future;

(g)    disconnection of all phone numbers associated with New City Movers and entry of an order transferring said phone numbers to New City Moving at no cost to New City Moving; and

(h)    such other relief as the Court deems just and proper.

**COUNT VII**

**COMMON LAW UNFAIR COMPETITION**

68.    New City Moving realleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

69.    New City Movers' use of the New City Moving Mark in connection with the sale, offering for sale, distribution and advertising of its services has caused, and will further cause, a likelihood of confusion, mistake and deception as to the source of origin of New City Movers' services, and the relationship between New City Moving and New City Movers.

70.    New City Movers has acted without authority, consent, or privilege with the intent to imitate or pass off its products as New City Moving's services that have received the sponsorship or approval of New City Moving, thereby trading on the goodwill established by New City Moving.

71.    New City Movers' conduct further creates the impression that New City Moving is responsible or accountable for the quality or performance of the services sold and offered for sale by New City Movers.

72.    New City Movers' conduct also harms the value of the New City Moving

Mark, which has been built by New City Moving's substantial expenditure of money, effort, and service.

73.     Such conduct constitutes unfair competition under the common law of the State of Illinois.

74.     New City Movers' actions are intentional, malicious and willful, were conducted in bad faith and have caused substantial harm to New City Moving.

75.     As a result of New City Movers' acts, New City Moving has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, New City Movers will continue these acts, thereby causing New City Moving further immediate and irreparable damage.

WHEREFORE, New City Moving requests that relief be granted in its favor and against New City Movers for:

(a) all damages sustained by New City Movers, including New City Movers' profits, in an amount to be determined at trial;

(b) punitive damages;

(c) attorneys' fees and costs of this action, plus interest;

(d) a permanent injunction requiring New City Movers' to refrain from any use of the New City Moving Mark or any confusingly similar mark;

(e) immediate transfer of domain name: www.newcitymoves.com to New City Moving at no cost to New City Moving;

(f) both New City Movers and any owners of New City Movers to cease and desist from using the New City Moving Mark or any confusingly similar mark using the

name New City Movers, New City Moving, New City Moves, New City Moving & Storage, and any other iteration or combination of the words "New" and "City" in connection with any other moving company now in existence or that they attempt to establish in the future;

(g) disconnection of all phone numbers associated with New City Movers and entry of an order transferring said phone numbers to New City Moving at no cost to New City Moving; and

(h) such other relief as the Court deems just and proper.

**JURY DEMAND**

New City Moving hereby demands a trial by jury.


Dated: September 2, 2020


Respectfully Submitted,


By: /s/ Mason S. Cole
        Mason S. Cole


COLE SADKIN, LLC
Mason S. Cole
Dean J. Tatooles
20 South Clark Street, Suite 500
Chicago, IL 60603
colesadkin.com
(312) 548-8610
mcole@colesadkin.com
dtatooles@colesadkin.com
Counsel for Plaintiff
ARDC# 6307727